# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FABRIZIO BIVONA, | : | |
|     Plaintiff | : | |
| | : | Civil No. 3:23-CV-01154-MCC |
| v. | : | |
| | : | |
| BOROUGH OF GIRARDVILLE (GIRARDVILLE BOROUGH COUNCIL and GIRARDVILLE POLICE COMMITTEE), MAYOR JUDITH L. MEHLBAUM (individually); EDWARD BURNS (individually), | : | The Honorable Julia K. Munley |
| | : | |
| | : | Jury Trial Demanded |
|     Defendants | : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

DATE: January 19, 2024

**Lavery Law**

Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Andrew W. Norfleet, Esquire
Attorney No. PA83894
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
flavery@laverylaw.com
anorfleet@laverylaw.com
msanyour@laverylaw.com
Attorneys for Defendants

## I. OPENING STATEMENT/SUMMARY OF CASE

### 1. Procedural History

The Defendants provide an abbreviated version of the procedural history of this case. On July 13, 2023, Plaintiff filed a Complaint against the Defendants. (DOC.1). On August 25, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint (DOC. 8) and a Brief in Support on September 8, 2023. (DOC.10). On September 15, 2023, Plaintiff filed an Amended Complaint. The Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint on September 29, 2023, (DOC.18) and a Brief in Support on October 13, 2023. (DOC.19).

On October 28, 2023, one day after the permitted 14 days to respond under Rule 12(a)(4)(A) as defined by Rule 6(a)(1) and Local Rule 7.07 expired, Plaintiff filed an untimely Motion to Amend/Correct Complaint, or in the alternative, Motion to Deny Defendant's Motion to Dismiss. (DOC.20). Plaintiff claims that upon receipt of a "right to sue" letter from the EEOC, he has a right to file suit under Title VII of the Civil Rights Act of 1964. (*Id*. at ¶10). Plaintiff did not file a responsive brief in opposition to Defendants' Motion to Dismiss as required by Local Rule 7.06. This Court has acknowledged Plaintiff failed to comply with Local Rule 7.5 and failed to comply with Local Rule 15.1. (See, December 13, 2023 Order at DOC. 26). This Court also acknowledged that Defendants filed a timely Brief in

Opposition to Plaintiff's Motion to Amend. *Id*. On November 14, 2023, Defendants filed a Brief in Opposition to Plaintiff's Motion for Leave to Amend, (DOC. 23).

Plaintiff was ordered to file a brief in support of his Motion to Amend the Complaint on or before December 20, 2023, to include all matters Plaintiff would raise in a reply brief, and to file a proposed second amended complaint on or before December 20, 2023. (DOC.26). Plaintiff's counsel contacted the Court and advised that the Pennsylvania Supreme Court administratively suspended him. (DOC.27). The Court extended Plaintiff's period to file a brief in support of his Motion to Amend to December 29, 2023. (DOC. 31). Plaintiff filed his Brief in Support and his proposed second amended complaint at 11:59 PM on December 29, 2023. (DOC.32). Plaintiff's Second Amended Complaint is not limited to adding a proposed Title VII claim against the Defendants.[1] Plaintiff now attempts to: shoehorn in claims that he made complaints as a private citizen and not a municipal employee (DOC. 32-1, ¶218); make policy and procedure arguments (*Id*. at ¶¶ 226-228); attempts to add or amend claims under 42 U.S.C. Section 1981 (*Id*. at ¶¶ 256-294); and amend or "amplify" claims under 42 U.S.C. Section 1983 (*Id*. at ¶¶ 297-319). Plaintiff was not prohibited from plausibly pleading these claims before

---

[1] The Defendants note that Plaintiff now alleges that he is a racial minority – that he is Hispanic and of "Latino" descent but, surprisingly, does not allege or offer any factual evidence that he held himself out as such to the Borough of Girardville.

receiving his EEOC "right to sue" letter. Plaintiff should not be permitted to make material changes or "amplify" his Amended Complaint while the Defendants have a pending Motion to Dismiss before this Court. This Court's decision on Defendant's Motion could result in Plaintiff's non-Title VII claims being dismissed with prejudice.

### 2. Summary of Defendants' Arguments In Opposition to Plaintiff's Motion for Leave to Amend

Defendants draw the Court's attention to their Brief in Opposition to Plaintiff's Motion for Leave to Amend Complaint filed on November 13, 2023. (DOC. 23). Out of respect for judicial economy, Defendants request that their arguments outlined in their Brief in Opposition to Plaintiff's Motion for Leave to Amend Complaint be incorporated as if fully set forth herein.

Plaintiff filed a Complaint that included several federal claims against the Defendants and included an untimely claim under Title VII. Plaintiff represented in his Amended Complaint that he was not raising Title VII claims at that time. (DOC.12, ¶13). Yet, Plaintiff included a Title VII claim in Count I of his Amended Complaint. (*Id*. p.20). When Defendants motioned to dismiss Plaintiff's claims against them for the second time, Plaintiff revealed that he received a "right to sue letter" from the EEOC and, therefore, he should be permitted to amend his Complaint a second time. (DOC.20, ¶9). Before Plaintiff filed his Motion to Amend, counsel for the Defendants advised Plaintiff's counsel to file his motion and

include the Defendants' nonconcurrence.  When Plaintiff's counsel did not accept Defendants' representation of nonconcurrence, additional discussions occurred between counsel with counsel for the Defendants requesting Plaintiff to provide the proposed language he intended to include in the proposed second amended complaint.  Prior to Plaintiff filing his Memorandum in Support of Motion to Amend and the proposed a second amended complaint, Defendants did not have an opportunity to  review the proposed second amended complaint or the language for the proposed Title VII claim.  Despite these discussions, Plaintiff's December 29, 2023 Memorandum again insinuates that it is the Defendants' fault that Plaintiff did not file the required proposed second amended complaint when he motioned for leave to amend or for Plaintiff failing to provide the  Defendants with the proposed Title VII language.  To the contrary, the Defendants requested to review the proposed Title VII language via electronic mail on November 11, 2023.  In response, Plaintiff's counsel stated:

> I have to add the Title VII allegations.  I can't just write that Plaintiff has a right to sue.  **I can agree not to change the 1983 allegations.**

(Emphasis added).  Likewise, on November 7, 2023, in response to undersigned counsel's request for confirmation that Plaintiff intended to limit his request to amend to include only a Title VII claim,  Plaintiff's counsel responded via electronic mail:

5

> I think your suggestion is fair.  **Plaintiff's Amended Complaint will be to include the claims under Title VII.  This way, you can refile your MTD and not have to worry about changing it if you still want to go that route.**

(Emphasis added).  Likewise, Plaintiff misrepresented to the Court that "Defendants are asking the Court to dismiss only Plaintiff's federal claims in an effort to divest this Court with [*sic*] jurisdiction over the Plaintiff's case, so that Plaintiff's case is transferred to the very county within which Defendant, Borough of Girardville is situated." (ECF DOC.20, ¶5).  Plaintiff's description of Defendants' arguments is incorrect and represents a misstatement of the law of supplemental jurisdiction under 28 U.S.C. §1367(c)(3). Plaintiff ignored the portions of Defendants' Motion to Dismiss (DOC.18, ¶¶9-10; 32-37) and related sections in Defendants' Brief in Support directed toward dismissal of Plaintiff's state claims. (ECF DOC.19, III, 2; IV, 9-10). Defendants' Motion to Dismiss and Brief in Support argues for dismissal of *all* Plaintiff's claims, including the state law claims under the PWL and common law dismissal against public policy. (ECF DOC.18, ¶¶9-10; 32-37); (ECF DOC.19, III, 2;  IV, 12-13, pg.3; 16-18). [2]

    The Defendants have a Motion to Dismiss pending before this Court. Plaintiff did not provide any legal support for his request to not only add a Title VII

---

[2] Defendants also argued for dismissal of an uncaptioned and unsupported averment in Plaintiff's Amended Complaint apparently directed against a nonparty to this suit, the Commonwealth of Pennsylvania. (See, ECF DOC.12, ¶203).

claim, but to "amplify" his other claims before this Court issues a memorandum and order related to their pending Motion to Dismiss. The Defendants maintain that the EEOC letter, while relevant to Plaintiff's proposed Title VII claim, is not relevant to the remaining claims Plaintiff brought against the Defendants.

## II. LEGAL STANDARD

### 1. Rule 12(b)(6) Dismissal

The Defendants incorporate the legal standard outlined in their Brief in Opposition to Plaintiff's Motion for Leave to Amend Complaint. (DOC. 23). The Defendants renew their argument that Plaintiff failed to file a timely Brief in Opposition to the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and the arguments set forth by the Defendants are deemed to be uncontested by the Plaintiff. (See, also, ECF DOC.18; 19). [3]

### 2. Rule 41(b) Dismissal

The Defendant's incorporate the legal standard for dismissal under Rule 41(b) and their arguments for dismissal of Plaintiff's Amended Complaint as outlined in Defendants' Brief in Opposition to Plaintiff's Motion for Leave to Amend Complaint. (DOC. 23). Plaintiff's Motion to Amend is not a responsive pleading

---

[3] It is undisputed that Plaintiff failed to file a Brief in Opposition to Defendant's Motion to Dismiss. LR 7.06 provides in the relevant portion, "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." Defendants' Motion to Dismiss should be granted as unopposed.

to the Defendants' Motion to Dismiss and Brief in Support. Further, Plaintiff's Motion to Amend was untimely, substantively deficient, and did not include the proposed second amended complaint.

### III. ARGUMENTS

#### 1. Plaintiff Waived His Arguments under LR 7.06

As outlined in the Defendants' Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint (DOC.19), because Plaintiff failed to file a Brief in Opposition to Defendants' Motion to Dismiss and Brief in Support, Defendants' Motion to Dismiss is deemed unopposed under Rule 7.06. *Blake v. SSA*, 2022 U.S. Dist. LEXIS 214531, at *3-6 (M.D. Pa. Nov. 29, 2022).

#### A. Plaintiff's §1983 Claims Should Be Dismissed.

The Defendants incorporate their argument that Plaintiff's Motion to Amend and Plaintiff's Memorandum in Support of the Motion to Amend cite no specific facts, nor references authority regarding Plaintiff's §1983 claims or why he should be permitted to amend those claims while Defendants' Motion to Dismiss is pending. Plaintiff's responses are insufficient to constitute a responsive pleading. *Jacoby v. Wal-Mart Stores, Inc*. 2010 U.S. Dist. LEXIS 156719, *23-24 (M.D. Pa. Mar. 10, 2010) (presentation of arguments with supporting citations refutes blank assertions of denial in a Brief in Opposition). Further, Plaintiff's Memorandum in Support does not reference authority to support his claim that an EEOC letter should permit him

8

to amend claims other than a proposed Title VII claim. Plaintiff's failure to raise arguments and authority in opposition to Defendants' Motion to Dismiss waives such arguments and admits those of Defendants. *Blake, supra.* "An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before the court." *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (internal quotation and citations omitted).

**B. Plaintiff's Title VII Should Be Dismissed.**

The Plaintiff's untimely and unresponsive filings weigh against granting leave to amend further. As outlined in the Defendant's Brief in Opposition to Plaintiff's Motion to Amend Complaint (DOC.23), Plaintiff's Title VII claims should be dismissed when Plaintiff failed to address Defendants' arguments on the inapplicability of Title VII to individual Defendants as a matter of law, and when Plaintiff failed to establish a *prima facie* case as argued in the Defendants' Brief in Support. The Defendants renew their argument for incorporation by reference of Plaintiff's Complaint, which devoted greater attention to the Title VII claims Plaintiff is now attempting to revive, as well as his residual Title VII claims in his Amended Complaint. (DOC. 10, IV, 10-11, pgs. 14-16; DOC. 19, IV, 8, pg.17). [4]

---

[4] *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding a court may consider in a motion to dismiss "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and]

Assuming *arguendo*, that Plaintiff's EEOC exhaustion letter allows him to revive his Title VII claim, any Title VII claim(s) should be dismissed for failure to state a claim, and as inapplicable to individual Defendants Mehlbaum and Burns. Title VII does not apply to individuals as a matter of law.[5]

**C. PWL and Public Policy**

The Defendants renew and incorporate their argument that Plaintiff's persistent failure to respond to Defendants' arguments substantively on the Pennsylvania Whistleblower Law (PWL) or dismissal against public policy are unaffected by the Title VII issue and should be dismissed. Plaintiff offered only general averments of "protected activity" (DOC. 12, ¶209) and failed to address the statutory definition of "wrongdoing" as defined by relevant caselaw under the PWL in Defendants' Brief in Support. *Gray v. Hafer*, 651 A.2d 221, 224 (Pa. Cmwlth. 1994), aff'd, 542 Pa. 607, 669 A.2d 335 (1995). (See, DOC. 12, ¶¶204-219). Plaintiff failed to aver specific circumstances giving rise to a plausible inference of causal nexus between his dismissal and alleged activity. [6] Plaintiff's attempt to

---

items appearing in the record of the case'"); quoting, 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §1357 (3d ed. 2004); *Beto v. Barkley*, 706 Fed.Appx. 761, 765 (3d Cir. 2017); *Pinkney v. Meadville*, 2022 U.S. App. LEXIS 13824, at *4-5 (3d Cir. 2022).

[5] Plaintiff's proposed Second Amended Complaint seems to concede this point, but Defendants include this argument in an abundance of caution.

revisit these claims a third time, while Defendants' Motion to Dismiss is pending, should be rejected. The Plaintiff failed to state a claim against the Defendants because he relied only "upon mere allegations, general denials or vague statements" and "reliance on nothing but his own self-serving assertions about his purpose in making the report" which are insufficient to support a claim. *Mosely v. City of Pittsburgh Pub. Sch. Dist.*, 702 F. Supp. 2d 561, 586 (W.D. Pa. 2010). (See, ECF DOC. 10, IV, 10-11,pg.14-16). Plaintiff should not be permitted to now "amplify" his claims.

Moreover, Plaintiff's Motion for Leave to Amend wrongly asserted that the Defendants raised no arguments for dismissal of Plaintiff's state law claims and raised no arguments in opposition. (DOC. 20, ¶5). This Court should act on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and dismissal should be granted.

**2. Further Leave to Amend Should be Denied**

**A. Prejudice to Defendants**

The Defendants renew and incorporate their argument that Plaintiff's Amended Complaint retained numerous defects from the original Complaint.

---

[6] *Javitz v. Luzerne County*, 293 A.3d 570, 580 (Pa. 2023); *Golashevsky v. Department of Environmental Protection*, 554 Pa. 157, 163 (1998) (A whistleblower must "establish a causal connection between his report and his termination" to establish a prima facie case); *Hussein v. UPMC Mercy Hosp.*, 466 Fed. Appx. 108, 112 (3d Cir. 2012).

(DOC.20, p.17). Plaintiff's attempt to correct these defects a third time, based on the receipt of an EEOC "right to sue" letter should be denied. Plaintiff offered no explanation how the EEOC letter is relevant to the expressly disclaimed, and unsupported arguments Plaintiff raised under the First, Fourth, and Fifth Amendments in his Amended Complaint. As outlined by the Defendants, the interests of justice do not require this Court to excuse Plaintiff's failures to comply with the Federal Rules of Civil Procedure and the Local Rules of Court to their detriment:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion[.] *Lease v. Fishel*, 712 F. Supp. 2d 359, 371, (M.D. Pa. 2010); aff'd, 2010 U.S. Dist. LEXIS 112776, 2010 WL 4318833, at *1 (M.D. Pa. Oct. 22, 2010). [7]

For the reasons outlined in Defendants' pending Motion to Dismiss and Brief in Support, the underlying merits of Plaintiff's claims are as deficient and should not be excused by Plaintiff's procedural defects and violation of the Rules and this Court's Orders.

### B. *Poulis* Factors Support Dismissal

---

[7] Quoting, *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998).

The Defendants renew and incorporate their arguments that the *Poulis* factors weigh in favor of denying Plaintiff's Motion for Leave to Amend Complaint. (DOC. 23, pp.18-26). Further, although this Court's Order of December 28, 2023 (DOC. 31) instructed Plaintiff to include any arguments he would raise in a reply brief, Plaintiff did not address the Defendants' arguments related to the Poulis factors relevant to a request to amend. Therefore, Plaintiff waived his right to dispute the Defendants' arguments in support of dismissal. Further, it is apparent from the docket that the Plaintiff has not complied with the relevant rules, has not provided a substantive reply to Defendants' arguments, and has not made good-faith efforts to comply with the Court's orders. Plaintiff is seeking yet *more time* to amend his Amended Complaint – not limited to the addition of a Title VII claim. Plaintiff's request for a third bite at the apple, before this Court has ruled on the Defendants' pending Motion to Dismiss, is highly prejudicial to the Defendants who have complied with the rules in reasonable expectation that the Plaintiff would be held to the same standard.

### C. Dismissal on the Merits is Appropriate

Even if the Court finds that Plaintiff should be permitted to file a Second Amended Complaint to include a Title VII claim, it is proper for this Court to assess the sufficiency of Plaintiff's non-Title VII claims and dismiss those claims that were not plausibly plead and lack merit. While the Defendants maintain that Plaintiff's

Amended Complaint should be dismissed because of his failure to file a brief in opposition and his failure to contest the Defendants' Motion to Dismiss (as well as the *Poulis* factors that support dismissal), the claims raised in Plaintiff's Amended Complaint lack merit as outlined in the Defendants' Motion to Dismiss and Brief in Support. (DOC.18,19).

## V. CONCLUSION

For the preceding reasons, and the reasons outlined in the Defendants' Motion to Dismiss Plaintiff's Amended Complaint and the Defendants' Brief in Support of said motion, this Honorable Court should DENY the Plaintiff's Motion to Amend and DISMISS with prejudice Plaintiff's Amended Complaint.

Respectfully submitted,

**Lavery Law**

By: *s/ Andrew W. Norfleet*
Andrew W. Norfleet, Esquire
Attorney No. PA83894
Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
anorfleet@laverylaw.com
flavery@laverylaw.com
msanyour@laverylaw.com
Attorneys for Defendants

DATE: January 19, 2024

# CERTIFICATION PURSUANT TO MIDDLE DISTRICT RULE L.R. 7.8

The undersigned counsel hereby certifies that the foregoing Brief complies with the Middle District of Pennsylvania L.R. 7.8 in that the body of the brief, including the conclusion, does not exceed fifteen (15) pages.

DATE:   January 19, 2024                    s/ Andrew W. Norfleet

# CERTIFICATE OF SERVICE

I, Andrew W. Norfleet, do hereby certify that on this 19th day of January, I served a true and correct copy of the foregoing Brief in Opposition via the U.S. Middle District Court's electronic case filing system on all counsel of record.

*s/ Andrew W. Norfleet*
Andrew W. Norfleet