IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FABRIZIO BIVONA,<br>   **Plaintiff** | No. 3:23cv1154 |
| v. | (Judge Munley) |
| BOROUGH OF GIRARDVILLE<br>(GIRARDVILLE BOROUGH COUNCIL<br>and GIRARDVILLE POLICE<br>COMMITTEE), MAYOR JUDITH L.<br>MEHLBAUM (individually); and<br>EDWARD BURNS (individually),<br>   **Defendants** | |

## MEMORANDUM

Plaintiff Fabrizio Bivona alleges that he lost his job as police chief in the Borough of Girardville as the result of small-town corruption. Bivona alleges that elected officials targeted certain families based on their race and that he himself experienced race discrimination when he refused to act on discriminatory orders issued by those officials. He filed this action under federal and state law contending that his civil rights had been violated and that he was the victim of employment discrimination and whistleblower retaliation. As discussed below, Bivona sought to bolster these allegations through an amended pleading after defendants filed a motion to dismiss. The court granted Bivona leave to file a second amended complaint. But Bivona never filed one.

Once numerous pleading issues were resolved in this matter, the defendants asserted that the plaintiff was terminated for cause for abuse of authority, misuse of public property, unlawful retention of police property, and insubordination. And in response to some of the more shocking averments in Bivona's amended complaint, the defendants denied that such events occurred and demanded proof. Bivona's allegations and defendants' denials have not been tested in this litigation. Bivona's counsel, who was not the model of diligence from the beginning of the undersigned's involvement in this case, eventually stopped this matter in its tracks by not responding to the defendants' discovery requests or the court's various orders to keep this case on course for a merits resolution.

Before the court is defendants' motion to dismiss plaintiff's amended complaint for failure to prosecute, failure to cooperate in completing discovery, and failure to comply with orders of court pursuant to Federal Rule of Civil Procedure 41(b).[1] (Doc. 56). This is the third time defendants have requested dismissal of this action under Rule 41(b) for similar reasons. (See Docs. 23, 36). Despite prior admonishment and repeated notice that the court would consider dismissal as a sanction in this case, plaintiff's counsel has failed to file a brief in

---

[1] In the alternative, defendants seek sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1).

2

opposition to the instant motion despite an extended deadline. After notice to the parties, the court deemed defendants' motion unopposed on June 11, 2025. (Docs. 62–63).

**Legal Standard**

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action against it." FED. R. CIV. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the court's discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). But that discretion is regulated by the required balancing of certain factors prior to imposing the sanction of dismissal or its functional equivalent. United States v. Brace, 1 F.4th 137, 143 (3d Cir. 2021) (citing Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). There are six factors to consider, commonly referred to as the Poulis factors:

> 1. How much the party is *personally* responsible for the challenged actions;
>
> 2. How much those actions *prejudiced* the opposing party;
>
> 3. The *history* of dilatoriness;
>
> 4. Whether the party or its lawyer acted *willfully* or in *bad faith*;

3

> 5. How effective *alternative sanctions* less than dismissal would be; and
>
> 6. Whether the party has a *meritorious* claim or defense.

Id. (emphasis in original) (citing Poulis, 747 F.2d at 868).

The court also has "very broad discretion...to use sanctions where necessary to ensure compliance with pretrial orders; this facilitates the expeditious and sound management of the preparation of cases for trial." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007) (internal quotation marks and citations omitted). Federal Rule of Civil Procedure 16(f) authorizes a court to sanction an attorney who "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Rule 37(b) authorizes a court to sanction an attorney who "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(C).

**Background and Procedural History**

Prior to application of the Poulis factors, some discussion is warranted as to how the court and the parties arrived at this juncture. Bivona initiated this action on July 11, 2023, asserting violations of 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Whistleblower Law, 43 P.S. § 1423 and state public

4

policy. (Doc. 1). He filed an amended complaint on September 15, 2023.[2] (Doc. 12).

Defendants responded to the amended complaint with a motion to dismiss for failure to state a claim on September 29, 2023. (Doc. 18). On October 13, 2023, defendants timely filed a brief in support of the motion. (Doc. 19). Shortly after the deadline to file a brief in opposition to the motion to dismiss, on October 28, 2023, Bivona filed a motion for leave to file a second amended complaint. (Doc. 20). The Honorable Jennifer P. Wilson transferred this matter to the undersigned on November 7, 2023. Ultimately, plaintiff's counsel never filed a brief in opposition to the motion to dismiss.

The Rules of Court for the Middle District of Pennsylvania ("Local Rules") require that all motions "contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." M.D.Pa. L.R. 7.1. On October 31, 2023, the Clerk of Court directed plaintiff's counsel to file a certificate of concurrence or

---

[2] Because the operative pleading ostensibly asserts claims pursuant to Section 1981, Section 1983, and Title VII, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state Whistleblower Law and wrongful termination claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

5

nonconcurrence regarding the motion to amend. Two weeks later, on November 13, 2023, plaintiff's counsel filed a certificate of non-concurrence. (Doc. 22). The certificate, dated from April 2014, was signed by a different lawyer, and referred to a different case with different parties. (Id.)

The Local Rules require a brief in support to be filed within fourteen (14) days of any motion. M.D.PA. L.R. 7.5. The Local Rules also require that a party provide a proposed second amended complaint with a motion to amend along with a version highlighting additions and deletions. See M.D.PA. L.R. 15.1(a)–(b). Plaintiff's counsel did not file a brief in support of his motion to amend within the time contemplated by the Local Rules and did not file a proposed second amended complaint with his motion to amend.

On November 13, 2023, defendants filed a brief in opposition to the motion to amend, requesting that the court dismiss this action pursuant to Rule 41(b). (Doc. 23). That brief highlighted the various issues addressed above. Almost two weeks later, on November 26, 2023, plaintiff's counsel filed a certificate of non-concurrence, which contained various extraneous matters. (Doc. 24). At this point, plaintiff's counsel had still not addressed the defendants' arguments that this case should be dismissed under Rule 12(b)(6) for failure to state a claim or under Rule 41(b) for failure to prosecute.

6

Defendants filed a motion to strike the non-compliant certificates on December 11, 2023. (Doc. 25). By way of order dated December 13, 2023, the court addressed the various percolating issues. (Doc. 26). In relevant part, the court directed plaintiff to brief his motion to amend and file a proposed amended complaint by December 20, 2023. (Id. ¶ 1). On December 20, 2023, plaintiff's counsel advised the court that he had been placed on administrative suspension by the Disciplinary Board of the Supreme Court of Pennsylvania and was unable to comply with the court's orders. (Doc. 27).

Upon plaintiff's counsel's reinstatement, the court extended the deadline, (Doc. 31), and counsel complied with the court's directives outlined above, (Doc. 32). The court proceeded to consider the defendants' motion under Rule 12(b)(6) and Rule 41(b) and Bivona's motion under Rule 15. In a memorandum addressing all the relevant considerations of these varied motions, including the Poulis factors, the court granted defendant's motion to dismiss several claims in the amended complaint but denied defendant's request to dismiss this action for failure to prosecute. (Docs. 38–39). Bivona's motion for leave to file a second amended complaint was granted. (Id.) However, based on rulings regarding the defendants' Rule 12(b)(6) arguments, Bivona was directed to file a second amended complaint with the proposed additional, delineated federal causes of

7

action and facts to support those claims in a manner that comported with the court's rulings on the defendants' motion to dismiss. (Doc. 39 ¶ 5).

In its prior memorandum, dated August 27, 2024, the court approached plaintiff's counsel's conduct in an evenhanded manner. Rather than entertain dismissal as defendants advocated, the court admonished plaintiff's counsel for failure to comply with the Local Rules. Specifically, the court warned that "[f]uture failures to comply with the Local Rules and orders of court may result in additional sanctions up to and including the dismissal of this case." (Doc. 38 at 17 n. 3). Plaintiff's counsel was provided with 7 days to file a revised second amended complaint, or by September 3, 2024. (Doc. 39 ¶ 5). Even after this initial warning about rules and deadlines, plaintiff's counsel did not file a second amended complaint on Bivona's behalf.

On September 20, 2024, and in response to the plaintiff's non-compliance with the deadline set by the court, defendants filed an answer to the amended complaint "[t]o address [p]laintiff's only pleading" and to "avoid prejudice to their defense." (Doc. 40 at 1, n. 1). On September 23, 2024, the court addressed this non-compliance by Bivona's counsel. (Doc. 41). The court directed counsel to file a status report by September 30, 2024, as to the claims he attempted to assert in the second amended complaint on behalf of the plaintiff, which were not

8

advanced in the amended complaint.[3] (Id.)  The court also directed Bivona's counsel to show cause why the second amended complaint was not filed as ordered. (Id.) The court warned that the failure to comply with the order would result in Bivona's amended complaint being considered the operative pleading in this matter. (Id.)

Bivona's counsel did not file a status report or otherwise show cause.  The court thus issued an order dated October 21, 2024: 1) deeming the amended complaint as the operative one; 2) closing the pleadings; and 3) scheduling a telephonic case management conference. (Doc. 42).  Based on the nature of the litigation to that point, the court reminded the parties of the obligations set forth by the Local Rules regarding case management conferences, particularly the duties of plaintiff's counsel. (Id.)  The court also indicated that the failure to comply with these rules might result in sanctions up to and including the dismissal of this case. (Id.)

Defendants ultimately submitted a case management plan that did not include input from plaintiff's counsel. (Doc. 46).  Defendants indicated that plaintiff's counsel failed to respond to emails. (Id. at 1, n. 1).  On November 20, 2024, the court directed plaintiff's counsel to initiate a second attorneys'

---

[3] See e.g. Doc. 12, Am. Compl. ¶ 188 (indicating that plaintiff "has not brought claims or counts under Title VII at this time.").

9

conference by telephone or videoconferencing software and to file the joint case management plan as required. The court also included the sanctions verbiage referenced above. (Doc. 47). However, the joint case management plan was never filed. Nonetheless, with an interest in the merits resolution of this case, the court set case management deadlines after a conference with counsel on November 26, 2024. (Doc. 48). Pursuant to the case management order, fact discovery was to be completed by February 28, 2025. (Id.)

On February 14, 2025, and pursuant to the court's instructions that written discovery motions should not be filed prior to a telephonic discovery conference, the defendants filed a letter explaining that they had not received plaintiff's initial discovery disclosures until just two days prior. (Doc. 49). Defendants also advised the court that they had not received plaintiff's answers or responses to written discovery requests. (Id.) Based on defendants' letter, the court conducted a discovery conference with counsel on March 4, 2025. After reassurances from plaintiff's counsel that he would comply with discovery obligations, the court reestablished case management deadlines. (Doc. 53). Pursuant to the second case management order, fact discovery was to be completed by May 2, 2025. (Id.)

On May 2, 2025, defendants filed a letter with the court seeking another discovery conference due to the non-responsiveness of plaintiff's counsel and

10

continued failures to respond to discovery requests. (Doc. 54). Defendants followed up with a motion to stay discovery deadlines, (Doc. 55), and the instant motion to dismiss for failure to prosecute, (Doc. 56). The court granted the motion to stay, (Doc. 57), and set this matter for an in-person conference, (Doc. 58). After Bivona's counsel failed to file a brief in opposition to the motion to dismiss within the time afforded by the Local Rules, the court directed plaintiff to respond by an extended deadline and advised that the motion would otherwise be deemed unopposed. (Doc. 62). Based on plaintiff's counsel's continued non-compliance with court orders, the court cancelled the in-person conference in an order dated June 11, 2025, and deemed the defendants' motion as unopposed. (Doc. 63).

**Analysis**

Based on the above conduct by plaintiff's counsel, defendants seek dismissal of Bivona's amended complaint with prejudice. The Third Circuit Court of Appeals has repeatedly advised that dismissals with prejudice are drastic and must be a sanction of last resort. See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019) (citations omitted). Moreover, the "sanction of dismissal is disfavored absent the most egregious circumstances." United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003)(citing Poulis, 747 F.2d 867–868). As indicated above, where proposed sanctions include

dismissal, the Poulis factors govern any exercise of the court's discretion. To reiterate, those considerations include: 1) the extent of a party's personal responsibility; 2) prejudice to the adversary; 3) the history of dilatoriness; 4) whether the party or attorney's conduct was willful or in bad faith; 5) alternative sanctions; and 6) meritoriousness of the claims. See Poulis, 747 F.2d at 868.

### 1. Personal Responsibility

The first Poulis factor considers how much a party is personally responsible for any of the challenged actions. Brace, 1 F.4th at 143. Defendants argue that this factor weighs heavily in favor of dismissal with prejudice. (Doc. 59, Def. Br. in Supp. at 10, 14). The court disagrees. While, "it is not unjust to the client to dismiss his case because of his counsel's 'unexcused conduct.' " Hildebrand, 923 F.3d at 133 (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)), and "a client cannot always avoid the consequences of the acts or omissions of its counsel[,]" Poulis, 747 F.2d at 868 (citing Link, 370 U.S. at 643), there is nothing of record demonstrating that Bivona himself is responsible for his attorney's failures to comply with the Local Rules, several orders of court, and his discovery obligations. Consequently, this factor weighs against dismissal.

### 2. Prejudice to the Adversary

As for the second Poulis factor, prejudice to the adversary, that consideration includes "the irretrievable loss of evidence, the inevitable dimming

12

of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 873–74 (3d Cir. 1994). But prejudice "is not limited to 'irremediable' or 'irreparable' harm." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (quoting Adams, 29 F.3d at 874). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

Here, the court agrees with defendants that, at this point, the plaintiff's failure to participate in discovery over the last several months has impeded defendants' ability to defend against his allegations. (Doc. 59, Def. Br. in Supp. at 12). These recent discovery issues are also just the tip of the iceberg. Due to Bivona's counsel's failure to follow rules and orders, this case wound itself into a procedural thicket that impacted the pleadings in this matter. In short, Bivona's counsel requested leave to file a second amended complaint in lieu of a merits response to defendants' motion to dismiss his amended complaint. When the Poulis factors counseled against dismissal at that time and the proposed second amended complaint appeared to advance plausible federal and state claims, the court granted leave to amend. For whatever reason, Bivona's counsel then did

13

not file the second amended complaint as he had requested, and the court deemed the amended complaint as the operative pleading.

Resolving these issues took time and required rulings on claims that never ultimately appeared in this case. In that time, the parties could have been taking depositions, subpoenaing documents, and getting to the merits of Bivona's actual claims. Instead, this case has languished through no fault of the defendants, who have been forced to file motions to pull this case along. Plaintiff's counsel has wasted defendants' time and money. This factor thus weighs in favor of dismissal. See Brace, 1 F.4th at 144.

### 3. History of Dilatoriness

The third Poulis factor considers the history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as...consistent tardiness with complying with court orders." Adams, 29 F.3d at 874. In deciding whether a history of dilatory conduct exists, the court must evaluate "a party's problematic acts...in light of its behavior over the life of the case." Id. at 875.

As detailed in the background section of this memorandum and just above, this litigation has featured consistent delays created by plaintiff's counsel's repeated missed deadlines, noncompliance with court orders, and lack of responsiveness. "Time limits imposed by the rules and the court serve an

14

important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable." Poulis, 747 F.2d at 868. Plaintiff's counsel has engaged in such a pattern of intolerable conduct. Consequently, this factor also weighs in favor of dismissal.

### 4. Willful or Bad Faith Conduct

As to the fourth factor, the court next addresses whether the plaintiff or plaintiff's counsel's conduct was willful or in bad faith. "[I]t is hard to classify counsel's repeated flouting of court rules as anything" other than acting in bad faith. See Brace, 1 F.4th at 144. Here, the court has proceeded patiently. When various briefs or the requested second amended complaint were not timely filed, the court provided plaintiff's counsel with additional time even when that time was not requested. But those extended deadlines were ignored. Plaintiff's counsel has moved on from missing deadlines to repeatedly ignoring court orders. That conduct demonstrates willfulness and bad faith. This factor also weighs in favor of dismissal.

### 5. Effectiveness of Sanctions Other Than Dismissal

The fifth Poulis factor considers alternative sanctions. Repeated orders to show cause, warnings, and threats of sanctions have not worked. (See Doc. 38, 08/27/2024 Mem. at 17, n. 3; Docs. 41–42, 47, 62). Nonetheless, the court is

cognizant that dismissal of this action is an extreme outcome and that some other sanction in between admonishment and dismissal might be appropriate.

Defendants propose two alternative sanctions: 1) adopt the defendants' answer and affirmative defenses, see FED. R. CIV. P. 37(b)(2)(A)(ii); and/or 2) find plaintiff in contempt of court and order him to pay fees and costs. (Doc. 59, Def. Br. in Supp. at 15). Considering these proposals, the first option would be tantamount to a dismissal with prejudice. As for the option of monetary sanctions, "it often makes sense to consider or impose other escalating sanctions...like fines." Brace, 1 F.4th at 144. Unfortunately, monetary sanctions in other cases have not caused plaintiff's counsel to act any differently in this matter. See e.g. Shaw v. Vetforce, Inc. Pennsylvania, No. 4:23-CV-01868, 2025 WL 83511 (M.D. Pa. Jan. 13, 2025) (Mehalchick, J.) (granting a motion for attorneys' fees and denying a motion to reinstate the action after dismissal without prejudice due to counsel's persistent unresponsiveness and noncompliance with discovery obligations); Nelatury v. Pennsylvania State Univ., No. 1:21-CV-279, 2024 WL 3377917 (W.D. Pa. July 11, 2024) (Fisher, J.) (fining counsel for conduct relative to a motion for summary judgment). And monetary sanctions against Bivona himself are out of the question. As alleged, he has had trouble securing a job in law enforcement since his stint in Girardville. (Doc. 12,

Am. Compl. ¶ 64). Under these circumstances where there are no other effective options, the fifth Poulis factor weighs in favor of dismissal.

### 6. Meritoriousness

The final Poulis factor addresses the merits of a party's claims. Consideration of the merits is of paramount importance because dismissal of this action would deprive the plaintiff of his day in court. See Knoll, 707 F.3d at 409. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869–70. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869–70).

Here is where the conduct of plaintiff's counsel complicates matters. The court previously determined that the federal claims advanced by Bivona were meritorious when clearly delineated and bolstered by additional factual allegations in the proposed second amended complaint. (See Doc. 38). However, Bivona's counsel never filed a second amended complaint. Moreover, he never provided opposition to arguments that the plaintiff's claims were subject to dismissal. And, in its prior memorandum, the court only determined that

Bivona's state law claims were plausible as they were alleged in the amended complaint. (Id.)

Defendants argue that plaintiff has effectively abandoned his case. Defendants also contend that this reflects plaintiff's own belief that his claims lack merit. The court agrees with the former, but not the latter. Nonetheless, Bivona's state claims have merit on their face as alleged in the amended complaint. The sixth and final Poulis factor weighs against dismissal of the state law claims.

### 7. Balancing the Factors

All of the considered factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation[.]" Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)(citations omitted). And not all factors need to be satisfied for dismissal to occur. See id. (citation omitted); see also Hildebrand, 923 F.3d at 132 ("None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution.").

As discussed above, two of the Poulis factors do not weigh in favor of dismissal, including personal responsibility and meritoriousness of the plaintiff's state law claims as previously determined. The remaining four factors weigh strongly in favor of dismissal. After careful consideration, the court will grant the

defendants' motion to dismiss under Rule 41(b), but only in part. The court will dismiss with prejudice Count I of the plaintiff's amended complaint, which ostensibly asserts claims pursuant to Section 1981, Section 1983, and Title VII. This conclusion is reached based on the extensive misconduct discussed in this memorandum, including the plaintiff's request to file a second amended complaint bolstering his federal claims, but then failing to do so. The court will decline to exercise supplemental jurisdiction over plaintiff's state law claims in Count II and Count III of the amended complaint and dismiss those claims without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction... if – ... the district court has dismissed all claims over which it has original jurisdiction."). This conclusion is reached based on the prior determination that such state law claims were meritorious as pled in the amended complaint.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss plaintiff's amended complaint will be granted in part. Count I of plaintiff's amended complaint will be dismissed with prejudice. Counts II and III of plaintiff's amended complaint will be dismissed without prejudice to the plaintiff proceeding

with those claims in state court if he so chooses. The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 6/16/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court